Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>CYBERPOWER PTY, LTD., a foreign corporation, LEONID "LEO" RADVINSKY, an individual, ACTIVSOFT, INC., an Illinois corporation, and JOHN DOES 3-20,<br><br>               Defendants. | No. C03-2620P<br><br>FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBERPIRACY, UNFAIR COMPETITION, AND UNFAIR BUSINESS PRACTICE<br><br><u>Jury Trial Demanded</u> |

Plaintiff Amazon.com, Inc.("Amazon.com"), through its attorneys, alleges as follows:

## I. SUMMARY

Defendants Cyberpower Pty., Ltd. ("Cyberpower"), Leonid "Leo" Radvinsky ("Radvinsky"), ActivSoft, Inc. and other unknown defendants are engaged in a marketing campaign in which they have been sending e-mails to consumers with forged "from" lines and other e-mail routing information, creating the impression that the e-mails are from Amazon.com. Defendants have intentionally used the AMAZON.COM® mark in the e-mail to cause the recipient to believe that the e-mail is from Amazon.com and/or to get past e-mail

FIRST AMENDED COMPLAINT - 1
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

filters. Defendants do not have permission to use the AMAZON.COM® mark and are not affiliated in any way with Amazon.com.

By this complaint, Amazon.com seeks to prevent consumer confusion and protect AMAZON.COM®, one of the world's best-known brands, from intentional infringement and cyberpiracy. Defendants have recently conducted an e-mail marketing campaign advertising "Free Grants," using e-mails that falsely claim that they are from "Amazon.com."

Defendants are using the AMAZON.COM® trademark in their e-mail marketing campaign to immediately convey to consumers an association with Amazon.com, to circumvent e-mail filters, and to unfairly trade on the reputation and goodwill of the AMAZON.COM® mark. Since commencing operations on the World Wide Web in 1995, Amazon.com's annual sales have grown to over $3.9 billion, and Amazon.com has become a Fortune 500 company. With tens of millions of customers worldwide, Amazon.com is among the best-known and most popular Internet retailers.

Amazon.com has extensively promoted its business using the AMAZON.COM® mark, and Internet shoppers and consumers almost universally recognize AMAZON.COM® as a brand identifier for Amazon.com's websites and products. Consumers have a strong association between the AMAZON.COM® mark and Amazon.com's websites and the strength of the AMAZON.COM® trademark—one of Amazon.com's most valuable corporate assets.

Defendants' use of AMAZON.COM® in connection with their marketing of goods or services is likely to confuse consumers. Defendants' use of AMAZON.COM® will lead some consumers to conclude that Amazon.com is a partner, has a business relationship, or is somehow associated with defendants or their products.

Preventing this confusion will help protect consumers from deceptive and fraudulent e-mail practices, allowing consumers to make fully informed choices about where they are

FIRST AMENDED COMPLAINT - 2
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

shopping on the Internet, thereby promoting the consumer protection goals of the trademark and unfair competition laws. In this action, Amazon.com seeks to enjoin defendants from using the trade name and trademark AMAZON.COM® for the marketing and sale of their products. The unfair competition laws do not allow a latecomer to copy a mark and "free ride" on the goodwill associated with it. Myriad other names are available. A marketer should not be allowed to benefit from Amazon.com's long term and extensive investment in AMAZON.COM® at the expense of Amazon.com and to the detriment of consumers.

## II. JURISDICTION AND VENUE

1. This is a Complaint for violations of §§ 32 and 43 of the Lanham Act , 15 U.S.C. § 1114(1) (Trademark Infringement), 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition), 15 U.S.C. § 1125(d) (Cyberpiracy Prevention), and for other claims arising under state law.

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over the defendants because the defendants are located in and/or conduct business in this District. Also, the defendants have purposefully availed themselves of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities. E-mails sent from the defendants actively display, disseminate, and promote the infringing AMAZON.COM mark. The publication and dissemination of the infringing trademark in this District is causing ongoing injury to Amazon.com.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in this District. The damage to Amazon.com described herein takes place in this District and

FIRST AMENDED COMPLAINT - 3
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

elsewhere.

## III. THE PARTIES

5. Amazon.com is a Delaware corporation with its principal place of business in Seattle, Washington. On or about July 15, 1997, Amazon.com registered the trademark AMAZON.COM® with the United States Patent and Trademark Office.

6. On information and belief, defendant Cyberpower Pty., Ltd. ("Cyberpower") is a foreign corporation. Cyberpower is or was the registered owner and operator of internet websites advertising "Free Grants," including the websites <www.grantgiveaways.com>, <www.freegrantsnow.com>, <www.mygrantnow.org>, <www.securedgrant.com> and <www.yourfreegrant.com>. During the times referenced herein, Cyberpower promoted its websites, products and services through the sending of bulk, unsolicited e-mail, or "spam."

7. On information and belief, defendant Leonid "Leo" Radvinsky ("Radvinsky") is an individual residing in Illinois. Radvinsky is or was the registered owner and operator of internet websites advertising "Free Grants," including the websites <www.grantgiveaways.com>, <www.freegrantsnow.com>, <www.mygrantnow.org>, <www.securedgrant.com> and <www.yourfreegrant.com>. During the times referenced herein, Radvinsky promoted his websites, products and services through the sending of bulk, unsolicited e-mail, or "spam."

8. On information and belief, defendant ActivSoft, Inc. is an Illinois corporation with its principal place of business in Glenview, Illinois. ActivSoft is or was the registered owner and operator of internet websites advertising "Free Grants," including the websites <www.grantgiveaways.com>, <www.freegrantsnow.com>, <www.mygrantnow.org>, <www.securedgrant.com> and <www.yourfreegrant.com>. During the times referenced

FIRST AMENDED COMPLAINT - 4
CASE NO. C03-2620P
K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

herein, Radvinsky promoted his websites, products and services through the sending of bulk, unsolicited e-mail, or "spam."

9. Amazon.com is unaware of the true names and capacities of defendants sued herein as DOES 3-20, and therefore sues these defendants by such fictitious names. Amazon.com will amend this complaint to allege their true names and capacities when ascertained. Amazon.com is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Amazon.com's injuries as herein alleged were proximately caused by such defendants. These fictitiously named defendants, along with defendants Cyberpower, Radvinsky and ActivSoft are herein referred to as "defendants."

10. The actions alleged herein to have been undertaken by the defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each defendant assisted, participated or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

### IV. THE AMAZON.COM® TRADEMARK

11. The term "Amazon.com" is not only the name of Plaintiff's company, but the most important and easily recognized identifier of the goods and services it offers. There is a particularly close association among consumers between Amazon.com the business, the AMAZON.COM® mark, and the products and services offered under the Amazon.com

FIRST AMENDED COMPLAINT - 5
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

designation. For millions of consumers, the name "Amazon.com" has come to represent wide selection, fast delivery, fair pricing, and excellent security for Internet transactions. Courts in the United States and Greece have entered judgments for Amazon.com that attest to the fame and/or the strong association between the AMAZON.COM® mark and the services offered by Amazon.com.

12. AMAZON.COM® mark is one of the best known trademarks on the Internet. For instance:

- Tens of millions of customers from over 220 countries have made purchases through the Amazon.com Site. Every one of these purchasers has, at a minimum, seen the AMAZON.COM® mark on the website, on the packaging in which his or her order was shipped, and in e-mail communications that confirm each order.

- Many millions more have come to know the AMAZON.COM® mark through Amazon.com's extensive advertising in a variety of media. Since 1996, Amazon.com has spent hundreds of millions on advertising—all of which makes prominent use of the AMAZON.COM® mark—on television and radio, and in newspapers and magazines.

- According to the MMXI Europe May 2000 European Audience Ratings Report, the Amazon.com, Amazon.co.uk, and Amazon.de sites reach more consumers in Europe than any other site on the Internet.

- A recent survey by Media Metrix, a company that monitors traffic to popular e-commerce websites, identified the Amazon.com Site as one of the most frequently visited shopping sites on the Internet and the largest seller of books (ahead of sites operated by Barnes & Noble and Borders), music (ahead of sites operated by Columbia House and BMG Music), toys, software (ahead of sites operated by <Bestbuy.com> and <CompUSA.com>) and video (ahead of <BlockBuster.com>).

FIRST AMENDED COMPLAINT - 6
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

- Amazon.com's achievements have generated tremendous attention in the media—thousands of articles have been written about the company over the last few years. Feature stores in *Fortune*, *Business Week*, *The New York Times*, *USA Today*, *Advertising Age* and *Wired* have touted the company's success and have identified it as a leading force in the "New Economy."

- The Amazon.com name is found on literally thousands of Internet websites. Not only do important Internet retailers (e.g., AOL.com) carry Amazon.com "banner" ads on their homepages, but more than 800,000 other website operators around the world have become Amazon.com "Associates," and are thus permitted to link to the Amazon.com Site and to display the AMAZON.COM® mark on their websites.

- A recent study by Interbrand Group, a leading international brand consultancy company, ranked the 100 most valuable brands in the world, all of which Interbrand identified as having a value in excess of $1 billion. Interbrand's study included the AMAZON.COM® mark, ranking its value above such well-known trade names as "Hilton®" and "Guinness®." Another Interbrand study recognized the AMAZON.COM® mark's value in the year 2001, ranking its value above 24 other trade names such as "Burger King®" and "Wall Street Journal®."

13. The AMAZON.COM® mark is famous by virtue of its inherent distinctiveness and substantial secondary meaning as a designation of the source of the products Amazon.com sells and by its continuous and broad use for virtually the entire life of the Internet as a commercial medium. The AMAZON.COM® mark is registered in the European Union and in 72 individual countries, and has over 400 additional registration applications pending all over the world. AMAZON.COM® is a registered trademark with the United States Patent and Trademark Office for a computerized on-line search and ordering service featuring the wholesale and retail distribution of books, music, motion

FIRST AMENDED COMPLAINT - 7
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

pictures, multimedia products and computer software in the form of printed books, audiocassettes, videocassettes, compact disks, floppy disks, CD ROMs, and direct digital transmission.

14. The AMAZON.COM® mark is particularly well known among Internet users, the trading areas and channel of trade used by both Amazon.com and defendants. There are no similar marks in common commercial use. A recent review of the database maintained by the United States Patent and Trademark Office reveals not a single registration for any other mark that included both "amazon" and "com."

15. Amazon.com is one of the best-known Internet retailers in the world today. Jeff Bezos ("Bezos"), the company's founder, was a pioneer in the use of the Internet as a medium of commerce. In 1995, Bezos created an Internet website ("Amazon.com Site") that permitted consumers around the world to purchase books on-line. Amazon.com was one of the first corporations to make the name of its business identical to the domain name from which its business operates—such that anyone using the Internet to find its website need only remember the name of the company.

16. Since its inception, the Amazon.com Site has continuously operated from the Internet address <www.amazon.com>. When Amazon.com opened its cyber-doors, its site primarily featured books, which is still an integral part of Amazon.com's business. Since then, Amazon.com has expanded its operations to include an even broader selection of products, offering full line of goods ranging from computer products and electronics to toys to compact discs and movies on videotape and DVD.

17. Since at least as early as 1995, Amazon.com has used the trademark AMAZON.COM® to promote its business and its websites.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## V. DEFENDANTS' ILLEGAL ACTS

18. On information and belief, sometime on or before May 6, 2003, defendants conducted an extensive e-mail campaign. As part of that campaign, defendants, acting together and in concert, created and sent large volumes of e-mail messages advertising their websites and "Free Grant" offers. Some of the e-mails were designed so that they appeared to be sent from Amazon.com, and used the AMAZON.COM® mark in the e-mail header as the "from" address. *See* Exhibit A. Many of the e-mails also used the AMAZON.COM® mark in the e-mail header as the "to" address, causing the e-mails to be sent to Amazon.com's servers, as well as to the numerous addressees listed as "cc's."

19. Amazon.com did not provide permission to defendants to use its AMAZON.COM® trademark for any reason, including their e-mail marketing campaign.

20. On information and belief, defendants intentionally adopted the AMAZON.COM® mark to trade on the fame and goodwill associated with the AMAZON.COM® mark, and to evade customers' anti-spam filters specifically designed to permit the receipt of e-mail from Amazon.com.

21. Defendants' use of the AMAZON.COM® mark is likely to cause consumer confusion, mistake, and deception. This likelihood of confusion, mistake, and deception is even greater because both Amazon.com and defendants operate their businesses over the Internet.

22. Defendants' use of the AMAZON.COM® mark is likely to lead consumers to mistakenly conclude that the e-mail from defendants was exclusively or jointly sent by, licensed or certified by, or otherwise sponsored or approved by Amazon.com, or that Cyberpower is somehow otherwise affiliated, connected, or associated with Amazon.com. Consumers are likely to be misled as to the true source, sponsorship, or affiliation of the e-mail.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

23. On information and belief, through their use of the AMAZON.COM® mark, defendants have intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT 15 U.S.C. § 1114

24. Amazon.com realleges paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Defendants' use of the AMAZON.COM® mark to promote, market, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114. Defendants' intentional and willful infringement of the AMAZON.COM® registered trademark has caused and will continue to cause damage to Amazon.com, and is causing irreparable harm to Amazon.com for which there is no adequate remedy at law. Defendants are directly, contributorily, and/or vicariously liable for these actions.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT 15 U.S.C. § 1125(a)

26. Amazon.com realleges paragraphs 1-25 of this Complaint as if fully set forth herein.

27. Defendants have used and continue to use AMAZON.COM® in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of their goods or services. Defendants are directly, contributorily, and/or vicariously liable for these actions. Amazon.com has been damaged by these acts in an amount to be proved at trial. Amazon.com is also entitled under the Lanham Act to injunctive and equitable relief against defendants.

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## COUNT III

## CYBERPIRACY PREVENTION UNDER LANHAM ACT 15 U.S.C. § 1125(d)

28. Amazon.com realleges paragraphs 1-27 of this Complaint as if fully set forth herein.

29. Defendants' bad faith intent to profit from use of AMAZON.COM®, by sending e-mail messages that state they are from AMAZON.COM® that are confusingly similar to Amazon.com's distinctive marks, constitutes cyberpiracy under 15 U.S.C. § 1125(d). Defendants' cyberpiracy of AMAZON.COM® has caused and will continue to cause damage to Amazon.com, in an amount to be proved at trial, and is causing irreparable harm to Amazon.com for which there is not an adequate remedy at law. Defendants are directly, contributorily, and/or vicariously liable for these actions.

## COUNT IV

## UNFAIR COMPETITION UNDER LANHAM ACT 15 U.S.C. § 1125(a)

30. Amazon.com realleges paragraphs 1-29 of this Complaint as if fully set forth herein.

31. Defendants' use of the AMAZON.COM® mark to promote, market, or sell their products or services, including on their website, constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendants' use of the AMAZON.COM® mark is likely to cause confusion, mistake, and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to Amazon.com, and is causing irreparable harm to Amazon.com for which there is no adequate remedy at law. Defendants are directly, contributorily, and/or vicariously liable for these actions.

FIRST AMENDED COMPLAINT - 11
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## COUNT V

## UNFAIR BUSINESS PRACTICE UNDER WASHINGTON STATE LAW

32. Amazon.com realleges paragraphs 1-31 of this Complaint as if fully set forth herein.

33. Defendants' use of AMAZON.COM® to promote, market, or sell products and services, including on their website, constitutes an Unfair Business Practice pursuant to R.C.W. 19.86. Defendants' use of the AMAZON.COM® mark is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Amazon.com. Defendants' unfair business practice has caused and will continue to cause damage to Amazon.com, and is causing irreparable harm to Amazon.com for which there is no adequate remedy at law.

## COUNT VI

## TRESPASS TO CHATTELS

34. Amazon.com realleges paragraphs 1-33 of this Complaint as if fully set forth herein.

35. The computers, computer networks and computer services used to operate Amazon.com's business are the personal property of Amazon.com.

36. By spoofing Amazon.com's domain name in the e-mail "to" line and using false or imaginary e-mail addresses, defendants intentionally directed their e-mail to Amazon.com's computer, computer networks and computer services. This resulted in Amazon.com's computer systems being required to receive and process a significant amount of junk e-mail, utilizing the limited resources of Amazon.com's systems and making those resources unavailable for authorized uses.

37. Additionally, defendants knew that their bulk e-mailing practices inevitably lead to a significant portion of their e-mail being undeliverable. When an e-mail is

FIRST AMENDED COMPLAINT - 12
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

undeliverable, "bounce" messages are generated to advise the sender of this fact. By spoofing Amazon.com's domain name in the e-mail header, defendants insured that Amazon.com's computer equipment – rather than defendants' own equipment – was burdened by the innumerable bounce messages resulting from the e-mail campaign.

38. Defendants have knowingly, intentionally and without authorization used and intentionally trespassed upon Amazon.com's property.

39. As a result of defendants' actions, Amazon.com has been damaged in an amount to be proven at trial.

## COUNT VII

## UNFAIR COMPETITION

40. Amazon.com realleges paragraphs 1-39 of this Complaint as if fully set forth herein.

41. Defendants' use of the AMAZON.COM® mark to promote, market, or sell their products constitutes Unfair Competition. Defendants' use of the AMAZON.COM® mark is likely to cause confusion, mistake, and deception among consumers. Defendants have acted in bad faith and/or deliberately or willfully to infringe upon the AMAZON.COM® mark. Defendants are directly, contributorily, and/or vicariously liable for these actions.

WHEREFORE, plaintiff respectfully prays that this Court:

1. Issue a permanent injunction, enjoining and prohibiting defendants, or their agents, servants, employees, officers, attorneys, successors and assigns from:

    (A) Using AMAZON.COM® trademark, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any products or services, including defendants' e-mails or websites; and

    (B) Infringing Amazon.com's AMAZON.COM® trademark;

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2. Order an award of damages in an amount to be determined at trial;

3. Order an award of treble damages, in an amount to be determined at trial, pursuant to R.C.W. Ch. 19.86;

4. Order an award of treble damages as provided by Section 35(a) of the Lanham Act;

5. Order an award of attorney's fees and costs as provided by Section 35(a) of the Lanham Act and R.C.W. Ch. 19.86;

6. Order an award of punitive damages to be determined at trial; and

7. Any other or further relief that the Court deems appropriate.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issue in this case.

DATED this 29th day of January, 2004.

PRESTON GATES & ELLIS LLP


By   /s/ Robert J. Dzielak
    David A. Bateman, WSBA # 14262
    Robert J. Dzielak, WSBA #26178
Preston Gates Ellis, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
E-mail: robertd@prestongates.com

OF COUNSEL:
    David A. Zapolsky, Associate General Counsel
    Kathryn M. Sheehan, Corporate Counsel
    Amazon.com, Inc.

Attorneys for Plaintiff Amazon.com, Inc.

FIRST AMENDED COMPLAINT - 14
CASE NO. C03-2620P

K:\40741\00053\RJD\RJD_P21NG

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022